UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MANATT, PHELPS & PHILLIPS, LLC,<br><br>Defendant. | Civil Action No. 1:20-cv-4235<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Multiple Energy Technologies, LLC ("MET"), for its complaint against defendant Manatt, Phelps & Phillips, LLP ("Manatt"), alleges as follows:

**PRELIMINARY STATEMENT**

1. MET retained Manatt to help it address the harm caused to it by Hologenix, LLC ("Hologenix") and Under Armour, Inc. ("Under Armour"). Manatt's written engagement agreement stated that it would represent MET with respect to both entities pursuant to a cap on the fees MET would be expected to pay.

2. After approximately four months working primarily on a motion for a preliminary injunction against Hologenix, Manatt had yet to take one deposition in the case against Hologenix and had neither included Under Armour in the pending lawsuit nor commenced an action against Under Armour.

3. After many inquiries by MET of the status of pursuing a claim against Under Armour, Manatt eventually and unilaterally declared that the agreement with MET applied only to a lawsuit against Hologenix and did not include Under Armour. After unsuccessfully attempting to impose new terms of engagement on MET, Manatt withdrew from representing MET in the Hologenix litigation, and MET incurred the cost of substitute counsel in that case.

4. As outlined below, MET has been harmed by Manatt's actions.

**JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction through 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. MET is a limited liability company organized under Delaware law. Its members are all citizens of Pennsylvania.

7. Manatt is a limited liability partnership. It has offices in California, Illinois, Massachusetts, New York, and Washington, D.C., and approximately 450 professionals. Based on information reasonably available to MET, MET alleges that no partner of Manatt is a Pennsylvania citizen.

8. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because Manatt "resides" in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

9. MET hired Manatt to represent it with respect to Hologenix and Under Armour.

10. On February 12, 2019, MET signed an engagement letter with Manatt (the "Engagement Letter").

11. Manatt issued the Engagement Letter from its office located at 7 Times Square, New York, New York 10036.

12. Manatt drafted the Engagement Letter.

13. In the Engagement Letter, Manatt described the terms by which Manatt would "represent and advise [MET] in connection with a false advertising claim against Hologenix LLC, Hologenix, Inc., and Under Armour (the 'False Advertising Claim')."

14. The Engagement Letter provided a cap on the fees MET would be required to pay.

15. The cap on legal fees was a material and necessary term to the Engagement Letter. Without it, MET would not have hired Manatt.

16. Manatt required a retainer to be held in Manatt's client trust account until the end of the engagement, at which time it would be applied to outstanding fees and expenses, if any, or returned to MET.

17. MET paid the required retainer, which Manatt still holds.

18. Manatt filed a lawsuit against Hologenix (the "Hologenix Lawsuit"). MET continually inquired as to next steps relative to Under Armour. Manatt eventually stated that Under Armour was not covered by the Engagement Letter and that MET would need to pay additional fees for the Under Armour lawsuit.

19. MET disagreed with the suggestion that Under Armour was not included in the Engagement Letter and informed Manatt that it would not pay additional fees.

20. After negotiations between MET and Manatt reached an impasse, Manatt withdrew from the Hologenix Lawsuit. Successor counsel appeared in the Hologenix Lawsuit on October 23, 2019.

21. As a result of Manatt's breach, MET will be required to pay fees in excess of those MET would have paid under the Engagement Letter and will incur, and has incurred, additional expenses beyond those additional fees.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

22. MET repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

23. The Engagement Letter is an enforceable contract between MET and Manatt.

24. Manatt breached the Engagement Letter when it unilaterally declared that Under Armour was not included in the scope of work in the Engagement Letter or the case cap.

25. Manatt's breach was material and caused significant harm to MET, including but not limited MET incurring litigation fees over and above the Engagement Letter's case cap and other related costs.

26. MET performed all conditions precedent under the Engagement Letter.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

27. MET repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

28. MET has paid certain amounts billed by Manatt and has been billed but not paid other amounts. MET has not paid those additional amounts based on Manatt's conduct.

29. Manatt has been unjustly enriched and should not be entitled to keep any more than the reasonable value of the services it provided to MET, which is significantly less than the amount MET paid to, or has been billed by, Manatt. Manatt should also be required to return to MET any amounts Manatt is not entitled to retain.

## THIRD CAUSE OF ACTION
## DECLARATORY JUDGMENT

30. MET repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

31. Manatt contends that MET owes it additional legal fees.

32. MET denies that it owes Manatt additional legal fees and contends that it has not received reasonable value for the legal services for which it paid.

33. There is a real and present controversy between Manatt and MET.

34. MET seeks a declaratory judgment that it does not owe any additional amounts to Manatt and that Manatt is required to return to MET those amounts it has paid to Manatt but for which it did not receive reasonable value from Manatt.

35. Manatt's conduct with respect to Under Armour and its termination of its representation of MET was without cause and based on circumstances Manatt instigated to relieve itself of its obligations to MET. As such, MET is entitled to a declaration that Manatt is not entitled to any additional compensation for its services.

### FOURTH CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

36. MET repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

37. In negotiating the Engagement Letter in late December of 2018 and early January of 2019, Manatt, through its partners (including Barry Lee), knowingly made material misrepresentations of existing facts. Namely, Manatt affirmatively stated that it was prepared to and had received firm-management approval enter into a capped-fee arrangement for the representation, which representation would include a litigation against Under Armour as part of the scope of work and under the fee cap.

38. MET reasonably relied on Manatt's representations that Manatt's management had approved the capped-fee structure for the representation that would include a lawsuit against Under Armour.  MET would not have entered into the Engagement Letter without those representations.

39. MET was injured by its reliance on Manatt's misrepresentations.

40. MET is entitled to be made whole for the damages caused by its reliance on Manatt's misrepresentations.

41. MET is entitled to punitive damages based on Manatt's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Multiple Energy Technologies, LLC, by its counsel, respectfully requests that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Enter judgment in Plaintiff's favor and against Defendant Manatt Phelps & Phillips, LLP, that awards Plaintiff all damages proven at trial, all interest allowable by law, and its costs and attorneys' fees, and that declares the rights and obligations of the parties with respect to the Engagement Letter and related matters; and

C. Grant Plaintiff such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: June 3, 2020

                                                Respectfully submitted,

/s/ *Christopher Milito*
Christopher Milito (CM 3563)
Dupe Adegoke  (MA 3815)

MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
cmilito@morrisoncohen.com
dadegoke@morrisoncohen.com


Andrew McNeil*
BOSE McKINNEY & EVANS LLP
111 Monument Circle
Indianapolis, Indiana 46204
(317) 684-5253
amcneil@boselaw.com

*Application for admission *pro hac vice* forthcoming