USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/25/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MULTIPLE ENERGY TECHNOLOGIES, LLC,

        Plaintiff,

v.

MANATT, PHELPS & PHILLIPS, LLC,

        Defendant.

Civil Action No. 1:20-cv-04235-AT

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

WHEREAS, the parties to this action having agreed to the following terms of confidentiality, and the Court having found good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that any person subject to this Order shall adhere to the following terms, upon pain of contempt:

**I.    Discovery Materials May Be Designated as Confidential**

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

    2.    The person producing Discovery Material may designate as "Confidential" only the portion of such material that consists of non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its

confidentiality obligations to others.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Deposition testimony may also be designated as Confidential within fourteen (14) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Unless otherwise authorized in writing by a producing person, the entire contents of any deposition transcript of any present or former officer, employee, agent, or consultant of a producing person shall be treated as Confidential for a period of fourteen (14) days after a full and complete transcript of such deposition has been received by all parties.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**II.      Who May Receive Confidential Materials**

5. A receiving party may use Confidential Discovery Material that is disclosed or produced by another party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this action.  No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a) senior management, owners, officers, directors of the parties to this action and the parties' employees who counsel for a party in good faith believes reasonably needs to see the Confidential Discovery Materials;

(b) counsel for the parties hereto, including any paralegal, clerical, or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(f) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(g) mediators; and

(h) the Court, including an appellate court, its support personnel, and court reporters.

6. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraph 5(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

**III.     Filing Confidential Materials in this Action**

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court pursuant to the procedures set forth in the applicable rules and individual practices and kept under seal until further order of the Court and/or as the applicable rules require. The parties will use reasonable efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same in the form required by applicable rules.

8. Any party who either objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the party objecting to the confidentiality designation may seek a ruling from the Court regarding the designation in the manner permitted by applicable rules. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as Confidential under the terms hereof.

Any deposition witness who is given access to Confidential information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

9. If another court, agency, or person subpoenas or orders production of Confidential Discovery Material that a party has obtained under the terms of this Order, such party shall provide prompt actual written notice by electronic transmission to counsel of record for the adverse party (and, additionally, if the Confidential Discovery Material at issue was produced by a nonparty, to that nonparty), no later than three (3) business days of receipt of such subpoena, court order, or request, or within such shorter time period as may be required to provide the other party with a reasonable opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Order, and shall cooperate with the other party in order to give the other party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate confidentiality order in the action in which the subpoena was issued. The party receiving the subpoena, court order, or request shall not produce the Confidential Discovery Material if the other Party timely applies for a protective order for such Confidential Discovery Material or otherwise takes timely, appropriate steps to protect the materials, unless the Court from where the subpoena was issued directs otherwise or the party who produced such Confidential Discovery Materials consent in writing. To give the other party an opportunity to obtain relief from the subpoena or order, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the

subpoena or court order. Nothing in this Order requires or is meant to permit a party to disobey a lawful directive from a court.

10.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**IV.   Inadvertent Disclosure of Privileged Materials**

11.     If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.     After being notified in writing by the producing party of Inadvertently Disclosed Information, the receiving party must, within five (5) business days, return, sequester, or destroy the specified information and any copies it has; must not use or disclose the Inadvertently Disclosed Information until the claim is resolved, except disclosure to the court for the purposes of resolving the claim of privilege or work produce protection; must take reasonable steps to retrieve the Inadvertently Disclosed Information if the receiving party disclosed it to any other person before being notified by the producing party that the information was inadvertently disclosed; and may promptly present the information to the court (in conjunction with a request for a sealing order) for a determination of the privilege or work-product claim, provided that if the court denies the request for a sealing order, the receiving party shall be permitted to submit the Inadvertently Disclosed Information to the court without a sealing order for determination of the

privilege or work product claim.  The producing party must preserve the Inadvertently Disclosed Information until the claim is resolved.

13.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

**V.      Termination of the Litigation**

14.     This Protective Order shall survive the termination of the litigation.  Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or destroyed.  Notwithstanding the foregoing, nothing set forth in this Order shall require the destruction of attorney work product, provided that it is maintained as confidential pursuant to the terms of this Order.

15.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

17.     This Stipulation shall be legally binding on the parties and all those persons who are authorized to receive Confidential Discovery Material upon execution of this Stipulation by counsel and prior to it being So Ordered by the Court.

**SO STIPULATED AND AGREED.**

/s/Andrew M. McNeil
Andrew M. McNeil (PHV)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
amcneil@boselaw.com

Christopher Milto (CM 3563)
Dupe Adegoke (MA 3815)
MORRISON COHEN LLP
909 Third Avenue
New York, YR 10022
cmilto@morrisoncohen.com
dadegoke@morrisoncohen.com

*Attorneys for Plaintiff, Multiple Energy Technologies, LLC*

/s/Nicole Hyland (with permission)
Ronald C. Minkoff, Esq.
Nicole Hyland, Esq.
Frankfurt Kurnit Klein & Selz, P.C.
28 Liberty Street, 35th Floor
New York, NY 10005
rminkoff@fkks.com
nhyland@fkks.com

Vishwanath Kootala Mohan, Esq.
Frankfurt Kurnit Klein & Selz, P.C.
2029 Century Park East, Suite 1060N
Los Angeles, CA 90067
vmohan@fkks.com

*Attorneys for Defendant, Manatt, Phelps & Phillips, LLC*

SO ORDERED.

Dated: November 25, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge